(No. 5172—

J. F. EDWARDS CONSTRUCTION COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1967.*

ROBERT H. WHITE, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

This is an action brought by claimant, J. F. Edwards Construction Company, against respondent, State of Illinois, for three claims arising under a contract entered into by claimant with the Department of Public Works and Buildings, Division of Highways, of the State of Illinois for the removal of trees and stumps along certain State highways.

The amounts claimed and the basis of the claims are as follows:

1. Under the contract in question, claimant has been paid the sum of $53,794.72. The State is withholding the

sum of $2,980.30 on the grounds that claimant has not completed the contract. Claimant alleges that it has substantially completed the contract, and is entitled to the sum of $2,980.30, which is being withheld by respondent.

2. Payment to claimant under said contract was to be made at the rate of $1.44 per diameter inch of the trees removed. It is claimant's contention that the diameter of the trees removed must be measured on a plane having the same slant as the cutting plane rather than on a level plane perpendicular to the tree. On the basis of its contention that the diameter of the tree should be measured on a plane having the same slant as the cutting plane, claimant alleges an underpayment under the contract of $5,400.00.

3. Claimant alleges that additional time, additional man hours of labor, and additional use of equipment were required to backtrack to recut stumps previously approved, and to cut trees previously deleted from the list to be cut. Claimant alleges that it is entitled to a further payment of $4,339.29 for this additional work.

The letting of the contract in question was pursuant to a notice to bidders previously issued. The notice to bidders contained, among other matters, special provisions to supplement the Standard Specifications for Road and Bridge Construction, adopted January 2, 1958, and the Supplemental Specifications, effective April 2, 1962. The following are pertinent excerpts from the Standard Specifications for Road and Bridge Construction, adopted January 2, 1958, special provisions to supplement the Standard Specifications for Road and Bridge Construction, adopted January 2, 1958, and the Supplemental Specifications, effective April 2, 1962:

5.1 AUTHORITY OF ENGINEER. All work shall be done under the supervision of the engineer and to his satisfaction. He shall decide all questions, which arise as to the quality and acceptability of materials furnished, work performed, manner of performance, rate of progress of the work, interpretation of the plans and specifications, acceptable fulfillment of the contract, compensation, and disputes and mutual rights between contractors under the specifications. He shall determine the amount and quality of work performed and materials furnished. His decision shall be final, and shall be a condition precedent to the right of the contractor to receive money due him under the contract.

10.4 TREE REMOVAL. (As modified by special provisions — see page 2 thereof.) All trees, except those designated to be saved, and all stumps shall be cut and disposed of as provided herein. All trees shall be removed flush with the ground. The cutting plane shall be determined by the ground surface along a circumference two feet beyond the tree in every direction. Trees to be removed are painted with a yellow circle facing the pavement.

### COMPENSATION

10.9 METHOD MEASUREMENT. (As modified by special provisions at page 2 thereof.)

(b) Tree Removal.
(1) Inch Diameter. Trees to be removed as a payment item but not measured in acres shall be measured per inch of diameter. The diameter shall be measured at a point two feet above the highest ground level at the tree, and will be determined by dividing the measured circumference of the tree by 3.1416. The accumulated total inches of diameter shall be the pay quantity. The point of measurement shall be two feet above the ground surface, as defined elsewhere herein, even though the trees are to be cut flush with the ground. . . .

The evidence in this case clearly indicates that Mr. Burnham, the District Construction Engineer for District 4, considers that claimant did not fully comply with the terms of the contract with respect to the cutting of the trees flush with the ground. Respondent's evidence indicates that there were approximately eighty-five stumps, which were not cut flush with the ground, and, therefore, did not comply with the terms of the

contract. Claimant has presented conflicting testimony that the eighty-five stumps in question had been previously approved as cut, and, further, that no written list of the eighty-five stumps specifically designating their location was ever given to claimant.

While there is conflicting testimony concerning the eighty-five stumps, which respondent alleges were not cut in conformity with the terms and requirements of the contract, it is the opinion of this Court that claimant has failed to prove by a preponderance of the evidence that it has fully and completely complied with the requirements of the contract that all the trees be cut flush with the ground.

Claimant's second claim for $5,400.00 additional compensation is based on the measurement of the diameter of the trees cut on a plane having the same slant as the cutting plane rather than on a level plane. Claimant bases its claim on its interpretation of Article 10.9(b)(1) of the Standard Specifications, as modified by special provisions. This Article provides that the point of measurement shall be two feet above the ground surface, as defined elsewhere herein, even though the trees are to be cut flush with the ground. The Specifications provide in Article 10.4 that the term "ground level" shall be defined as being "flush with the ground". It is the opinion of this Court that there is no justification in the record for claimant's interpretation of Section 10.9 of the Standard Specifications, as modified, that the measurement of the diameter of trees cut should be on a plane having the same slant as the cutting plane rather than measurement on a level plane. It is also to be noted that claimant accepted periodic payments under the contract based on measurement of trees cut on a level plane.

Claimant's third claim is for compensation for additional man hours of labor and for use of equipment required to backtrack to recut stumps. It is the opinion of this Court that the alleged additional work performed by claimant for respondent was originally contemplated in the contract. It was the duty of claimant to recut the stumps in conformance with the specifications and special provisions of the contract. While the recutting of stumps may have been more work than claimant expected, it appears that such additional work was within the terms of the contract.

We, therefore, hold that claimant is not entitled to recover for the above and foregoing reasons. The claim is denied.